## S. P. Ruble v. R. W. Coulter.

1. ASSIGNMENT—*As Security, When at an End.*—An assignment of a contract to a person for the purpose of indemnifying him against loss in signing a note as security for the assignor, is at an end when the assignor pays the indebtedness and his rights may then be resumed.

**Bill of Interpleader.**—Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed April 13, 1896.

### Statement of the Case.

This was an attachment suit brought by R. W. Coulter, in March, 1890, against Martin R. Ruble. The Cold Blast Feather Company and others were served as garnishees. The Cold Blast Feather Company answered that it entered into a certain contract with said Martin R. Ruble on the 16th day of February, A. D. 1885, and by virtue of said contract certain royalties had accrued, and that at the time of its last answer there was in its possession $1,791.25, which amount had accrued as royalties under said contract. Said garnishee further answered that it had been advised and believed that this money belonged to one S. P. Ruble, the appellant. S. P. Ruble, appellant, filed an interplea May 25, 1891, alleging that Martin R. Ruble did, on the 3d day of February, 1888, by his assignment in writing of that day, set over to him, S. P. Ruble, all the right, title and interest in and to the contract between Martin R. Ruble and the Cold Blast Feather Company, and that he, S. P. Ruble, was entitled to all royalties that had accrued by virtue of said contract and especially to any funds referred to in the answer of the Cold Blast Feather Company, and that Martin R. Ruble had no right whatsoever thereto. No answer or reply was ever made to the interplea of S. P. Ruble.

On April 4, 1895, S. P. Ruble filed an amendment to his interplea, and on the same date the court entered an order requiring the plaintiff to reply thereto within five days. No reply, however, was made thereto within the five days, but on April 17, 1895, the plaintiff, without leave of court, filed a traverse to said amendment. On the trial of the case, the interpleader (appellant in this court), offered in evidence the contract between said interpleader and Martin R. Ruble, purporting to assign to said interpleader all interest in and to the contract between Martin R. Ruble and the Cold Blast Feather Company, and the only objection made by the plaintiff to its introduction in evidence, was, that it was incompetent because it was not attached to the contract of

which it purported to be an assignment. The contract, however, was admitted in evidence by the court.

The interpleader further offered to show that he had paid the note referred to in said contract, and that he had paid other moneys for and on behalf and at the request of said Martin R. Ruble, the consideration for the payment of the same being that said interpleader should have all moneys accruing as royalties in the hands of the Cold Blast Feather Company by virtue of the contract between Martin R. Ruble and the Cold Blast Feather Company.

The interpleader further offered to prove that notice was given to the said Cold Blast Feather Company of said assignment, and that said Cold Blast Feather Company had promised to pay to him said royalties, and did in fact account to and pay to him said royalties up to within a short time before the service of the writ upon said garnishee.

The assignment was as follows :

" This agreement, entered into this twenty-first day of April, 1887, by and between Martin R. Ruble and Samuel P. Ruble, witnesseth :

That in consideration of said Samuel P. Ruble having this day become surety on a certain note for said Martin R. Ruble, this day given by said Martin R. Ruble to Charles Graeter, of the city of Vincennes, Indiana, for the sum of seven hundred and fifty (750) dollars, payable eight (8) months after date, at the Vincennes National Bank, with eight per cent interest after date until paid, and attorney's fees, without relief from valuation or appraisement laws, the said Martin R. Ruble does hereby assign, set over and deliver unto said Samuel P. Ruble all the right, title and interest of said Martin R. Ruble in and to a certain contract, executed on the 16th day of February, 1885, by and between said Martin R. Ruble and the ' Cold Blast Feather Company,' of Chicago, Illinois, to have and to hold the same for his, Samuel P. Ruble's, own use and behoof forever, and especially in the event that he, the said Samuel P. Ruble, shall pay, or shall have to pay, said note or any part thereof as such surety. In case said Martin R. Ruble shall well and truly pay said note at maturity thereof, then said Samule

P. Ruble shall deliver said contract to said Martin R. Ruble, and shall forfeit all right to any of the proceeds thereof.

Witness our hands the day and year aforesaid.

MARTIN R. RUBLE.

S. P. RUBLE."

The jury found the issues against the interpleader, judgment was entered upon such finding, and this appeal is prosecuted therefrom.

HARRY D. IRWIN, attorney for appellant.

JAMES A. FULLENWIDER, attorney for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The assignment of the contract of the Cold Blast Feather Company to S. P. Ruble, was to indemnify him for signing a note for $750. It appears that he has received from the Cold Blast Feather Company by reason of such assignment, $1,334.09.

As the assignment was to be at an end and the rights of the assignor to be resumed when the assignor paid said note, the jury were warranted in finding that the assignment, when such payment of $1,334.09 had been made, was at an end, and consequently, against the claim of the assignee, interpleader, to anything further from said Cold Blast Feather Company.

The judgment of the Superior Court is affirmed.